**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-11189

(Summary Calendar)
_____

GABEYNESH TAFESSE,

Plaintiff - Appellant,

versus

SALLY BEAUTY COMPANY, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-2465-P)
June 24, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gabeynesh Tafesse appeals the district court's decision granting summary judgment in favor of Sally Beauty Company, Inc. ("Sally") on Tafesse's Title VII racial discrimination claim. We affirm.

I

Sally sells professional beauty supplies through a network of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

small store outlets that are staffed with a store manager and several hourly sales associates. In August 1995, Tafesse, a part-time employee, was transferred to Sally's Oak Lawn store from the Lovers Lane store. After the transfer, Tafesse continually expressed her interest in promotion to a full-time position to the Oak Lawn manager, Robbie Hunter. Hunter decided, however, not to promote Tafesse. He instead promoted two white employees to full-time positions. Tafesse, a black, Ethiopian national, subsequently filed a charge of discrimination with Texas Commission on Human Rights and later this lawsuit against Sally, alleging, among other things, racial discrimination in violation of Title VII of the Civil Rights Act of 1964. The district court granted summary judgment in favor of Sally on all claims.

With respect to Tafesse's racial discrimination claim, the district court first found that because Tafesse was unavailable to work on Mondays, she had failed to demonstrate that she was qualified for the full-time position, thus failing to establish an element of her prima facie case of discrimination. The court further held that even if Tafesse could demonstrate a prima facie case of racial discrimination, she was unable to show a dispute of fact about the legitimate, nondiscriminatory reasons proffered by Sally for not promoting her.

On appeal, Tafesse claims that the district court erred in dismissing her Title VII claim of racial discrimination[1] (1) by

_____

[1] Tafesse does not appeal the summary judgment granted in favor of Sally on any other claims.

-2-

failing to recognize that a dispute of fact existed about Tafesse's availability for work, (2) by failing to recognize that a dispute of fact existed about Tafesse's job performance, and (3) by finding that Tafesse did not meet her burden of establishing a fact issue concerning the pretextual reason for her discharge.

II

We review a district court's grant of summary judgment *de novo*. *See Doddy v. Oxy USA, Inc.,* 101 F. 3d 448, 460 (5th Cir. 1996). We analyze Title VII employment discrimination cases such as Tafesse's under the *McDonnell Douglas* burden-shifting framework, recently set forth in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). *See Rhodes v. Guiberson Oil Tools,* 75 F.3d 989,992 (5th Cir. 1996) (en banc).

We agree with the district court that Tafesse failed to demonstrate a dispute of fact about whether she was qualified for the full-time position. When Hunter discussed the full-time position with Tafesse, he outlined several reasons why he was unable to promote her to the position. Principal in Hunter's reasoning was the fact that Tafesse had scheduling problems due to a second job and her school schedule. Specifically, Tafesse could not work on Mondays due to the second job, and she needed a flexible schedule to complete her school requirements. According to store policy, however, to meet the qualifications for full-time employment, the employee had to be available to work at all times the store was open so that he or she could fill in for the manager when he was not in the store. The fact that Tafesse was unable to

work on Mondays due to a second job goes undisputed in both her affidavit and deposition. More importantly, Tafesse never evidenced a willingness to alter her schedule should she be promoted to the full-time position, despite her claims to the contrary in her brief to this court. Because Tafesse has failed to show a dispute of fact about an element of her prima facie case, Sally is entitled to summary judgment on the racial discrimination claim. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1088 (5th Cir. 1994) (holding that because plaintiff was unable to show that she was qualified for the applied-for position, she could not establish a prima facie case of discrimination and therefore appropriately suffered summary judgment against her).

We also affirm the district court's decision on the alternative grounds that Tafesse failed to create a fact issue about whether the legitimate, nondiscriminatory reasons proffered by Sally for not hiring Tafesse were pretextual for discrimination. *See Rhodes*, 75 F.3d at 994 ("[A] jury issue will be presented and a plaintiff can avoid summary judgment . . . if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains."). According to Sally's summary judgment evidence, Hunter noted that in addition to Tafesse's lack of availability, Tafesse had been cited several times for her poor job performance and that any employee who occupied a full-time position needed to

-4-

have a better record of efficiency. Tafesse was written up several times for various reasons. Hunter issued two written corrective action reports describing Tafesse's cash register shortages, the latter one noting that her failure to correct the problem would result in her termination, and one report noting her failure to follow instructions regarding the store's refund policy. Citing Tafesse's unreliability as another reason for not promoting her, Hunter noted that Tafesse was often late to or absent from work, a problem that led him to issue another written report for her unacceptable absenteeism. Hunter also stated that Tafesse had to be repeatedly corrected regarding her shortcomings in stocking the shelves and operating the computer and that she was often rude to customers or in front of customers. Finally, he noted her inability to communicate effectively with the home office, explaining that being able to communicate items of inventory to the home office was essential to any full-time position and that Tafesse was unable to meet this requirement due to the reluctance of the home office in dealing with her.

In response to these reasons for not promoting her to a full-time position, Tafesse asserts that disapproval of her performance came only from Hunter and that his dissatisfaction stemmed from his racist mentality. However, the record clearly indicates that Tafesse's previous manager, Darlene Copeland, had issued two corrective action reports to Tafesse))one for failing to watch a required training video and one for being rude to a customer))and had indicated on Tafesse's performance appraisal that Tafesse

needed improvement in several areas.

Tafesse also claims that her employment record calls into question the legitimate, nondiscriminatory reasons proffered by Sally for not promoting her. She does not, however, present any specific evidence creating a dispute of fact about these reasons. Instead, Tafesse offers only her own conclusory statements about her good job performance and points to facts that fail to refute Sally's proffered reasons.[2] For example, while Tafesse notes, correctly, that Copeland's overall rating of Tafesse in her performance appraisal was "good," she points to nothing to refute Copeland's comments regarding areas Tafesse needed improvement. Such evidence is not sufficient to avoid summary judgment. *See Pfau v. Reed*, 125 F.3d 927, 940 (5th Cir. 1997) (conclusory assertions, unsupported by specific facts, are insufficient to defeat a proper motion for summary judgment); *Hall v. Gillman Inc*, 81 F.3d 35, 37 (5th Cir. 1996) (reversing summary judgment for employer when the plaintiff-employee presented sufficient, specific evidence contradicting the employer's claim of his poor sales

---

[2]    Tafesse also presents the affidavit of Sonia Reyes, a past supervisor, to counter Sally's charges of incompetency. This unsworn affidavit is, however, not competent summary judgment evidence because it lacks a statement that it is made "under penalty of perjury." *See Nissho-Iwai Amer. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment [unless it meets the] statutory exception [existing] under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'"). Furthermore, even if we were to consider this affidavit as competent summary judgment evidence, it also fails to present specific facts contradicting most of Sally's proffered reasons for not promoting Tafesse.

performance).

III

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.